UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————

BENJAMIN WOODHOUSE,

                    Plaintiff,

          -v-

META PLATFORMS INC., *et al.*,

                    Defendants.

———————————————————————————

23 Civ. 7000 (PAE)

AMENDED ORDER

PAUL A. ENGELMAYER, United States District Judge:

      Plaintiff Benjamin Woodhouse, an attorney and member of the bars of both the State of

California and of the United States District Court for the Central District of California, brings

this *pro se* action asserting claims of: (1) "genocide" and "war crimes"; (2) violations of the

Racketeer Influenced and Corrupt Organizations Act ("RICO"); (3) "takings of customer orders

and companies in violation of the tort of fraud and tortious takings"; (4) "impersonation of

counsel and misrepresentations of resolutions to the appellate court in violation of the tort of

fraud"; (5) intentional infliction of emotional distress; (6) "violations of privacy rights via use of

facial recognition technology," and (7) "treason in hacking government systems and doctoring

state court records in addition to Havensight Capital's computer systems."[1]  Dkt. 1 ("Compl.") at

23–55.

      Woodhouse sues the following defendants: (1) Meta Platforms Inc. ("Meta"); (2)

Alphabet Inc. ("Alphabet"); (3) Nike Inc. ("Nike"); (4) Gibson Dunn & Crutcher Inc. ("Gibson

Dunn"); (5) Rob Bonta, the Attorney General of the State of California, in his official capacity;

(6) David Harris, Chief of the Civil Division of the United States Attorney's Office for the

———————————

[1] Plaintiff has paid the fees to bring this action.

Central District of California, in his official capacity; (7) Stanley Blumenfeld Jr., a District Judge of the United States District Court for the Central District of California, in his official capacity; (8) R. Gary Klausner, a District Judge of the same court, in his official capacity; (9) Christina A. Snyder, a District Judge of the same court, in her official capacity; (10) Dean D. Pregerson, a District Judge of the same court, in his official capacity; (11) Lawrence J.C. VanDyke, a Circuit Judge of the United States Court of Appeals for the Ninth Circuit, in his official capacity; (12) Eric Miller, a Circuit Judge of the same court, in his official capacity; (13) Mark J. Bennett, a Circuit Judge of the same court, in his official capacity; (14) Joanne Osinoff, Chief of the General Civil Section of the Civil Division of the United States Attorney's Office for the Central District of California, in her official capacity; and (15) Molly Dwyer, Clerk of the United States Court of Appeals for the Ninth Circuit, in her official capacity. Woodhouse seeks damages and injunctive relief.

For the reasons set forth below, the Court dismisses this action as frivolous, and directs Woodhouse to show cause by declaration, within 30 days of the date of this order, as to why the Court should not bar Woodhouse, Havensight Capital LLC, and any other entity that Woodhouse owns or controls from filing any future civil action in this court against any of the defendants named in this action without first obtaining the court's leave to file.

## STANDARD OF REVIEW

The Court has the authority to dismiss a civil action *sua sponte*, even when the plaintiff has paid the fees to commence a civil action, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000), or that it lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action *sua sponte* for failure to state a claim on which relief may be granted, "so long as the plaintiff is given notice and an opportunity

to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted).

Normally, a district court must afford special solicitude to a *pro se* litigant; this special solicitude includes "liberal construction of pleadings, motion papers, and appellate briefs," as well as "relaxation of the limitations on the amendment of pleadings." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). But "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented. The ultimate extension of this reasoning is that a lawyer representing himself ordinarily receives no such solicitude at all." *Id.* at 102 (citation omitted).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim[]." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

## BACKGROUND

Woodhouse's actions in previous federal litigation—including with respect to his representation of his business, Havensight Capital LLC ("Havensight")—are relevant to this action. The Court, accordingly, takes judicial notice of the previous federal actions in which Woodhouse was involved before turning to the present complaint. *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (internal quotation marks omitted)).

### A.      Litigation History

In 2014, Havensight, represented by Woodhouse, brought an action against Nike in the United States District Court for the Central District of California. On November 19, 2014, the court granted Nike's motion to dismiss that action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Havensight Capital LLC v. Nike, Inc.*, No. 14 Civ. 7153 (MLR), 2014 WL 12613382 (C.D. Cal. Nov. 19, 2014). Among the claims Havensight raised in that action were: (1) intentional interference with contractual relations, (2) intentional interference with prospective economic relations, (3) negligence, (4) commercial misappropriation, (5) invasion of privacy,[2] and (6) unfair competition and trade practices. *Id.* at *1–3. The court held that "[t]here is no allegation that Nike used [Havensight's] St. Thomas FC name or design to sell any Nike product. . . . [Thus,] there is no cognizable legal theory that could support liability against" Nike. *Id.* at *4. On March 31, 2015, due to Woodhouse's conduct with respect to representing

---

[2] Havensight accused Nike of "'sen[ding] private contractors . . . to follow[] and intimidate the owner and counsel for [Havensight], [Plaintiff] Benjamin Woodhouse.'" *Havensight Capital LLC*, 2014 WL 12613382, at *3.

Havensight during that action, the court sanctioned Woodhouse in the amount of $1,000, and referred him to the California State Bar "for whatever action that body deems appropriate." *Havensight Capital LLC*, No. 14 Civ. 7153, Dkt. 110 at 6 (C.D. Ca. Mar. 31, 2015).

In another suit brought in that court in 2014 by Havensight against Nike, in which Woodhouse again represented Havensight, the court dismissed the action, and sanctioned Woodhouse, under Rule 11 of the Federal Rules of Civil Procedure, for filing false and frivolous papers in which Havensight accused Nike of "engag[ing] in unfair competition and antitrust violations, which allegedly prevented [Havensight], a soccer-gear manufacturer, from competing." *Havensight Capital LLC v. Nike*, No. 14 Civ. 8985 (MLR), 2015 WL 993344, at *1 (C.D. Ca. Feb. 18, 2015). The court directed Woodhouse to pay Nike $82,729.01 in attorneys' fees and costs. *Havensight Capital LLC v. Nike*, No. 14 Civ. 8985 (MLR), 2015 WL 13899007 (C.D. Cal. Sept. 22, 2015), *aff'd in part, dismissed in part*, 891 F.3d 1167 (9th Cir. 2018) (sanction affirmed). On April 22, 2015, that court declared Havensight to be a vexatious litigant, directed that Havensight seek leave from that court "prior to filing any [future] action that arises from or relates to Havensight . . . and its brand 'St. Thomas F.C.' against Nike, Inc." *Havensight Capital LLC v. Nike, Inc.*, Nos. 14 Civ. 7153 (MLR), 14 Civ. 8985 (MLR), 2015 WL 3544111, at *6 (C.D. Ca. Apr. 22, 2015).

In 2015, Havensight brought yet another action in the Central District of California, represented by Woodhouse, in which Havensight sued the People's Republic of China "aris[ing] out of a commercial transaction between [Havensight] and a shoe supplier in China"; Judge Pregerson ultimately dismissed that action, finding that his court was an improper venue and that it lacked subject matter jurisdiction. *Havensight Capital LLC v. The People's Republic of China*, No. 15 Civ. 1206 (DDP), 2015 WL 12778414 (C.D. Ca. Apr. 30, 2015).

In 2017, Havensight, represented by Woodhouse, brought another action in the Central District of California against Facebook, the predecessor of Meta, asserting claims of: (1) intentional interference with prospective economic advantage; (2) unfair competition and trade practices in violation of California's Unfair Competition Law; (3) horizontal and vertical price fixing; (4) negligence; (5) intentional interference with contractual relations; and (6) violations of RICO. *Havensight Capital, LLC v. Facebook, Inc.*, No. 17 Civ. 6727 (FMO), 2018 WL 6340757, at \*1 (C.D. Ca. Sept. 24, 2018), *aff'd*, 776 F. App'x 420 (9th Cir. 2019) (mem. op.). In its September 24, 2018 dismissal of that action, the court recounted Havensight's previous litigation, including its previous litigation against Facebook, in both that court and in the California state courts, as well as its previous litigation against Nike, the People's Republic of China, and Google (a subsidiary of Alphabet); the court granted Facebook's motion to dismiss that action, dismissing it under the doctrine of *res judicata*. *Id.* at \*2–12. The court also granted Facebook's motion for Rule 11 sanctions and awarded it fees and costs; the court further granted Facebook's motion for an order declaring Havensight to be a vexatious litigant again. *Id.* at \*12–20. The court additionally directed Havensight to obtain leave of that court before filing any future lawsuit in that court against Facebook based "on any allegation related to online advertisements, unfair business practices, anticompetitive conduct, fraud, tortious conduct, negligence, or racketeering; and . . . [to] deposit \$5,000 as security with [that court] to secure the payment of any costs, sanctions, or other amounts which may be awarded against [Havensight] or its counsel." *Id.* at \*20. On appeal, the Ninth Circuit affirmed the dismissal of that action. *Havensight Capital, LLC*, 776 F. App'x at 421.

In 2021, Woodhouse himself filed an action in the Central District of California against Nike, Facebook, Gibson Dunn (Nike and Facebook's counsel), Alphabet, the United States

6

Government, the Chief Justice of the United States, as well judges of the Central District of
California and of the Ninth Circuit asserting, "as he ha[d] many times before[,] several claims for
tortious conduct, including intentional infliction of emotional distress, negligence, fraud on the
court, and intentional interference with economical prospective advantage." *Woodhouse v. The
United States Gov't*, No. 21 Civ. 6372 (SB), 2021 WL 6333468, at *1 (C.D. Ca. Nov. 24, 2021),
*aff'd*, No. 22-55045, 2023 WL 3600032 (9th Cir. May 23, 2023) (mem. op.).  In a November 24,
2021 order granting the defendants' motions to dismiss, Judge Blumenfeld, to whom that action
had been assigned, characterized Woodhouse's complaint in that action as, "[a]side from
asserting claims previously raised and dismissed, . . . contain[ing] a stream of nonsensical and
imagined allegations—including accusations of government torture and assassination attempts."
*Id.*  Judge Blumenfeld recounted Woodhouse's litigation history in that court and, in dismissing
that action due to previously issued vexatious-litigant orders, (1) declared Woodhouse a
vexatious litigant; (2) directed Woodhouse, and any entity that he owns or controls, to obtain
leave of that court before filing any future lawsuit in that court asserting claims of "government
corruption or conspiracies or any issues or allegations raised in previous litigation in which
Havensight was declared a vexatious litigant, including [any claims involving] online
advertisements, unfair business practices, anticompetitive conduct, breach of contract,
misappropriation of trade secrets, infringement of intellectual property, fraud, tortious conduct,
negligence, or racketeering" against Nike, Facebook, Meta, Gibson Dunn, their employees,
directors, officers, attorneys, or partners, and to deposit with that court's clerk $5,000 "to secure
the payment of any costs, sanctions, or other amounts that may be awarded against

Woodhouse"[3]; (3) held Woodhouse in civil contempt as to that court's previous vexatious-litigation orders and Woodhouse's failure to pay previously imposed sanctions; (4) directed Woodhouse to pay attorneys' fees and costs as to that action.[4] *Id.* at *8-9. Judge Blumenfeld also referred Woodhouse to the California State Bar "for a determination of whether to initiate proceedings against Woodhouse." *Id.* at *8. On May 23, 2023, a Ninth Circuit panel consisting of Circuit Judges Bennett, Miller, and VanDyke affirmed Judge Blumenfeld's November 24, 2021 dismissal. *Woodhouse*, 2023 WL 3600032, at *1.

On January 5, 2022, Woodhouse and Havensight filed an action in the Central District of California against the United States Government, Judge Blumenfeld, other federal and state judges, Joanne Osinoff, David Harris, Gibson Dunn, Nike, Facebook, and Alphabet, which was reassigned to Judge Klausner. On April 22, 2022, Judge Klausner held that Woodhouse's claims against Gibson Dunn, Nike, and Meta were subject to Judge Blumenfeld's November 24, 2021 order, dismissed those claims with prejudice, and directed Woodhouse to show cause why the remaining claims should not be dismissed because of judicial immunity and qualified immunity, why the court should not refer Woodhouse to the California State Bar and that court's own standing committee on discipline, and why the court should not impose monetary sanctions. *Woodhouse v. United States Gov't*, No. 22 Civ. 0079 (RGK), 2022 WL 1203094 (C.D. Ca. Apr. 22, 2022). On June 10, 2022, Judge Klausner dismissed the remainder of Woodhouse's claims and made the following additional rulings: (1) he declared Woodhouse, Havensight, and any

---

[3] Judge Blumenfeld informed the parties protected by that filing injunction that they "need not respond to any future lawsuit or filings by Plaintiff or any of his businesses unless and until [that court] decides whether the lawsuit falls within the scope of the vexatious litigant order and should be permitted to proceed." *Woodhouse*, 2021 WL 6333468, at *8 (footnote omitted).

[4] On December 31, 2021, Judge Blumenfeld dismissed that action in its entirety and ordered Plaintiff to pay $157,952.57 in attorneys' fees and costs. *Woodhouse v. The United States Gov't*, No. 21 Civ. 6372 (SB), 2021 WL 6333451 (C.D. Ca. Dec. 31, 2021).

other entity owned or controlled by Woodhouse to be vexatious litigants; (2) he directed the clerk

of his court to decline, without leave of that court:

> any filings made by [Woodhouse or Havensight in that court] . . . against Nike,
> Meta Platforms, Gibson Dunn, Alphabet, or Google LLC, and each of their
> respective employees, directors, officers, attorneys, or partners . . . [if such filings
> assert] claims . . . [of] government corruption or conspiracies or any issues raised
> in previous actions in which [Woodhouse] or Havensight were declared to be
> vexatious litigants, including [claims involving] online advertisements, unfair
> business practices, anticompetitive conduct, breach of contract, misappropriation
> of trade secrets, infringement of intellectual property, fraud, tortious conduct,
> negligence, or racketeering;

(3) he directed Woodhouse and Havensight to pay the clerk of that court $5,000 "to secure the

payment of any costs, sanctions, or other amounts that may be awarded against them as pertains

to Alphabet"; (4) he sanctioned Woodhouse and Havensight by directing them to pay attorneys'

fees and costs as to Nike, Meta, and Gibson Dunn; and (5) he referred Woodhouse to that court's

standing committee on discipline and to the California State Bar "so that those bodies may

determine whether to initiate proceedings against" Woodhouse. *Woodhouse v. United States

Gov't*, No. 22 Civ. 0079 (RGK), 2022 WL 2232521, at *7–8 (C.D. Ca. June 10, 2022).[5]  The

Court awarded Nike, Meta, and Gibson Dunn a total of $38,422.60 in attorneys' fees and costs.

*Woodhouse*, No. 22 Civ. 0079 (RGK), 2022 WL 17222248 (C.D. Ca. Aug. 16, 2022).  On May

23, 2023, the Ninth Circuit, via a panel consisting of Circuit Judges Bennett, Miller, and

VanDyke, affirmed Judge Klausner's dismissal of that action. *Woodhouse v. United States Gov't*,

No. 22-55598, 2023 WL 3600024 (9th Cir. May 23, 2023) (mem. opinion).

---

[5] Judge Klausner informed Nike, Meta, Gibson Dunn, Alphabet, and Google LLC that they "need
not respond to any further lawsuit or filings by [Plaintiff or Havensight] until this Court decides
whether [any future] lawsuit falls within the scope of this vexatious litigant order and should be
permitted to proceed." *Woodhouse*, 2022 WL 2232521, at *8.

On January 13, 2022, Woodhouse filed another action in the Central District of California against, among other defendants, the United States Government, Judges Blumenfeld, Klausner, Snyder, other federal and state judges, David Harris, Joanne Osinoff, Nike, Meta, Alphabet, and Gibson Dunn; that action was assigned to Judge Snyder, who referred it to Judge Blumenfeld for a determination as to whether it was subject to Judge Blumenfeld's November 24, 2021 vexatious-litigant order. *Woodhouse v. United States Gov't*, No. 22 Civ. 0285 (CAS), Dkt. 20, at 2 (C.D. Ca. Jan. 27, 2022). Judge Blumenfeld determined that the claims against Nike, Meta, and Gibson Dunn fell within the scope of his November 24, 2021 vexatious-litigant order. *Woodhouse v. The United States Gov't*, No. 21 Civ. 6372 (SB), 2022 WL 2036319 (C.D. Ca. Feb. 18, 2022). Judge Blumenfeld also revoked Woodhouse's electronic filing privileges in that court. *Woodhouse*, No. 21 Civ. 6372 (SB), Dkt. 80 (C.D. Ca. Feb. 18, 2022). In accordance with Judge Blumenfeld's November 24, 2021 vexatious-litigant order, Judge Snyder struck Woodhouse's first amended complaint in that action as to Woodhouse's claims against Nike, Meta, and Gibson Dunn, and dismissed the claims against other defendants due to judicial immunity or qualified immunity. *Woodhouse*, No. 22 Civ. 0285 (CAS), Dkt. 52 (C.D. Ca. Mar. 2, 2022). Judge Snyder later dismissed Woodhouse's remaining claims against Alphabet with prejudice. *Woodhouse v. United States Gov't*, No. 22 Civ. 0285 (CAS), 2022 WL 2239157 (C.D. Ca. June 22, 2022). In a panel consisting of Circuit Judges Bennett, Miller, and VanDyke, the Ninth Circuit affirmed Judge Snyder's dismissal of that action. *Woodhouse v. United States Gov't*, No. 22-55636, 2023 WL 3600025 (9th Cir. May 23, 2023) (memorandum opinion).

Finally, in 2023, before he filed the present action, Woodhouse filed an action against all defendants named in the present action in the United States District Court for the District of Columbia; that court dismissed that action *sua sponte* as frivolous. *Woodhouse v. Meta*

10

*Platforms Inc.*, No. 23 Civ. 1924 (APM), 2023 WL 4531827 (D.D.C. July 13, 2023). The court noted that, with respect to that action, "Plaintiff's Complaint rests on the kind of fantastic and delusional claims that warrant dismissal *sua sponte*. Specifically, Plaintiff alleges that Defendants operated a 'genocide hotel' in Pismo Beach, CA and held 'impromptu death trials' in which 'close to 3,000 people . . . have been murdered.'" *Id.* at *1. Plaintiff also alleged that "a 'full entourage of commandos attempted to breach [his] property and assassinate him from an uninhabited area adjacent to [his] property after helicopter insertion,' but 'fortunately, [they] inadvertently incinerated themselves with napalm.'" *Id.* In addition, Woodhouse alleged that the defendants "'imprison[ed] the Chinese Ambassador to the U.S.' in order to 'stem shoe sales to China, and leverage their coercive behavior against [Woodhouse].'" *Id.* (alterations in original).

## B.    The Present Complaint

In the present complaint, Woodhouse (and also Havensight):

> move the Court . . . to default Meta . . . , the U.S. Government via the U.S. Attorney, . . . Alphabet . . . , and Gibson Dunn . . . for engaging in patent terrorist behavior, historic plead felonies, conflicts, violations, and unset records . . . , and engaging in acts such as, but not limited to, war crimes, and coercion and collusion of U.S. Government actors.

Compl. at 1. Woodhouse describes the alleged behavior as:

> acts of genocide of which there is video evidence in possession of multiple U.S. Government Agencies, coercion and collusion of U.S. Attorneys, patently and feloniously accessing Government computer systems, feloniously doctoring Court Records, feloniously stealing Customer Orders, feloniously interfering with Customer Orders, feloniously imprisoning Customers and Prospective Customers in a "genocide hotel," paying for supermodels to service Judicial Officers, in a quid pro schemata of sexual favors, in return for takings of [Woodhouse's] Company Orders, and the lack of enforcement from Judicial Officers and the U.S. Government, of the most plead felonies, conflicts, red flagged cases, and unset record, in U.S. legal history.

*Id.* at 1–2.

Woodhouse also alleges that the defendants "held impromptu death [trials], in a hotel, occupied by U.S. Attorneys, routinely killing multiple victims in single evenings, after asking them, either, two, to, three questions for a period of months, on an every single day basis [*sic*]." *Id.* at 2. He further alleges that he was subjected to "over three hundred assassination attempts from contractors hired by the conflicted Parties, including contractors using military grade weapons, military infrastructure, and breaching for non traditional roads to assassinate" him. *Id.* at 3. Woodhouse also alleges that the defendants "took positions in a hotel in Pismo Beach, California, what has now come to be known as 'the genocide hotel,' and engaged in this patent schemata of bribery and collusion, even after the acts of genocide and death trials . . . with ball machine guns[]." *Id.* He alleges that "one supermodel was dragged to her death after being tied to a truck, as part of this genocide schemata, funded by Alphabet . . . , Meta . . . , Nike . . . , and [the] U.S. Government." *Id.*

Woodhouse's allegations and claims in the present action appear to mirror, or are similar to, the ones asserted in his previous action in the District Court for the District of Columbia, including his allegations about napalm, the Chinese Ambassador, and the "genocide hotel"; they seem to be a response to the Central District of California's and the Ninth Circuit's findings and rulings in Woodhouse's and Havensight's litigation in those courts; and they echo Woodhouse's and Havensight's claims in their actions in those courts. Woodhouse asserts that the defendants' "atrocities, including the acts of genocide . . . all concern the U.S. Attorney[']s Office, which is based in the Southern District of New York, and acts of genocide, [which] would constitute an issue triable in the location of the United Nations, as it pertains to global issues of civil rights." *Id.* at 64–65. He also asserts that "[t]here is . . . a policy interest, in the matter, being heard in an

12

independent jurisdiction, as it deals with genocide and the abuse of power from conflicted Government actors." *Id.* at 65.

## DISCUSSION

### A.     This action is frivolous

Although Woodhouse is appearing in this action *pro se*, because he is an attorney, the Court will not extend to him the special solicitude it would normally extend to a non-attorney *pro se* litigant. *Tracy*, 623 F.3d at 102. Yet, regardless of whether the Court should extend to Woodhouse any special solicitude, it is clear that Woodhouse's claims "lack[] an arguable basis either in law or in fact," and are therefore frivolous. *Neitzke*, 490 U.S. at 325. As the District Court for the District of Columbia noted with respect to Woodhouse's previous action in that court, this action asserts "the kind of fantastic and delusional claims that warrant dismissal *sua sponte*." *Woodhouse*, 2023 WL 4531827, at \*1. Woodhouse's allegations about the defendants, including, but not exclusive to, their alleged conspiratorial and corrupt behavior, attempts to assassinate Woodhouse, sexual abuse and murders of others, etcetera, are fantastic and delusional. In addition, Woodhouse's claims for damages and injunctive relief in this action appear to be an attempt to have this Court rebuke and overturn the findings and rulings of the Central District of California and the Ninth Circuit with regard to Woodhouse's and Havensight's previous litigation in those courts, which this Court cannot do. No degree of solicitude can hide that Woodhouse's "factual contentions are clearly baseless," and that his claims are based on "indisputably meritless legal theor[ies]," making this action frivolous. *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action *sua sponte* as frivolous.

### B.     Leave to amend is denied

The Court denies Woodhouse leave to amend his complaint because granting such leave would be futile—no amended complaint with regard to Woodhouse's claims would state a claim

13

on which relief may be granted. *See, e.g., Hill*, 657 F.3d at 123–24; *see Panther Partners Inc.*, 681 F.3d at 119.

**C.     Order to show cause**

In light of Woodhouse's abovementioned litigation history, this Court finds that Woodhouse was, or should have been, aware of the frivolous nature of this action before he filed it in this Court. *See Sledge v. Kooi*, 564 F.3d 105, 109–10 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court directs Woodhouse to show cause by affirmation as to why the Court should not bar him, Havensight, and any other entity that Woodhouse owns or controls from filing any future civil action in this court against any of the defendants named in this action without first obtaining the court's leave to file. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

The Court directs Woodhouse to submit to this court, within 30 days of the date of this order, a written affirmation setting forth good cause why the Court should not impose the abovementioned filing injunction on him, Havensight, and any other entity he owns or controls. Should Woodhouse fail to submit an affirmation within the time directed, or should Woodhouse's affirmation fail to set forth good cause why the Court should not impose the abovementioned filing injunction on him, the Court will bar Woodhouse, Havensight, and any other entity that Woodhouse owns or controls from filing any future civil action in this court against any of the defendants named in this action without first obtaining the court's leave to file.

**CONCLUSION**

The Court dismisses this action *sua sponte* as frivolous.

14

The Court grants Woodhouse 30 days to show cause by affirmation as to why the Court should not bar Woodhouse, Havensight, and any other entity that Woodhouse owns or controls from filing any future civil action in this court against any of the defendants named in this action without first obtaining the court's leave to file. An affirmation form is attached to this order, which Woodhouse should complete as specified. Should Woodhouse fail to submit an affirmation within the time directed, or should Woodhouse's affirmation fail to set forth good cause why the Court should not impose the abovementioned filing injunction on him, the Court will bar Woodhouse, Havensight, and any other entity that Woodhouse owns or controls from filing any future civil action in this court against any of the defendants named in this action without first obtaining the court's leave to file.

Defendants need not respond to this action unless ordered by the Court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   September 8, 2023
         New York, New York

                                         _Paul A. Engh___
                                         PAUL A. ENGELMAYER
                                         United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Attach additional pages and documents if necessary.

_____
Executed on (date)

_____
Signature

_____
Name

_____
Prison Identification # (if incarcerated)

_____
Address

City                    State          Zip Code

_____
Telephone Number (if available)

_____
E-mail Address (if available)