UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN WOODHOUSE,

                              Plaintiff,

          -v-

META PLATFORMS INC., *et al.*,

                              Defendants.

23 Civ. 7000 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

    The Court today has issued a decision finding plaintiff Benjamin Woodhouse ("Woodhouse") to be a vexatious litigant and finding a nationwide filing injunction warranted that will restrict certain filings in federal court of actions by Woodhouse and by companies he owns or controls. *See* Dkt. 28 ("Decision"). This order implements that decision.

    Specifically:

    1.    The Court hereby ORDERS that Woodhouse, Havensight Capital LLC ("Havensight"), and any other company that Woodhouse owns or controls ("Restricted Plaintiff(s)") are enjoined from filing in federal court any action against Nike, Inc., Meta Platforms, Inc., Gibson, Dunn & Crutcher LLP, Alphabet, Inc., and each of their respective employees, directors, officers, or attorneys ("Protected Defendant(s)") that relates to the allegations made in this lawsuit or the other vexatious lawsuits brought by Woodhouse reviewed in the Court's Decision (the "Vexatious Lawsuits") without satisfying the pre-filing conditions set out below.

    2.    The allegations asserted in the Vexatious Lawsuits have concerned: (1) alleged misappropriation by or caused by Protected Defendants of Havensight's St. Thomas F.C. brand name and design; (2) alleged "click inflation" by or caused by Protected Defendants with respect

to advertisements that Woodhouse and/or Havensight purchased on these companies' websites; and (3) alleged collusion with the government in operating a "genocide hotel," conducting "death trials," and committing acts of "terrorism," "war crimes, " and "genocide." On the basis of these allegations, the vexatious lawsuits have brought claims of intentional interference with contractual relations, intentional interference with prospective economic relations, negligence, commercial misappropriation, invasion of privacy, unfair competition and trade practices, horizontal and vertical price fixing, civil racketeering, intentional infliction of emotional distress, and fraud on the court. The Court henceforth refers to an action that relates to any of these allegations or claims as a "Restricted Action."

3.  The Court further ORDERS that, before initiating any Restricted Action in any federal court, Woodhouse, Havensight, and any other Restricted Plaintiff must post a $5,000 bond and must move for permission from this Court or—in the event of a filing contemplated in a different District—either this Court or a Federal District Court in that District. In moving for such permission, the Restricted Plaintiff must submit to the Court the following four documents:

   a. *An application requesting leave to file*

The application requesting leave to file must contain the following information. First, a statement advising the Court whether any defendant in the proposed lawsuit was a party, judge, attorney, court officer, public official, defendant (including a Protected Defendant), or was in any way involved, in any prior lawsuit that the Restricted Plaintiff had initiated. Second, a list of all lawsuits filed in any U.S. court, state or federal, in which the Restricted Plaintiff was or is a party; the name, case number, and citation, if applicable, of each case; and a statement indicating the nature of the Restricted Plaintiff's involvement in each lawsuit.

       *b. An affidavit explaining how the new action is distinct from actions Woodhouse, Havensight, or any other Restricted Plaintiff(s) have previously filed*

The affidavit should be in proper legal form, with appropriate notarization and sworn under penalty of perjury. The affidavit should state that, and explain why: (a) the claim(s) the Restricted Plaintiff wishes to present, or the relief he seeks, have not been raised by him or disposed of by any federal or state court and are not, to the best of the Restricted Plaintiff's knowledge, barred by collateral estoppel or res judicata; and (b) the claims are not frivolous, made in bad faith, meant to harass defendants, or would needlessly cause unnecessary delay or expense.

       *c. A copy of this Court's Decision at Docket 28*

       *d. A copy of this Order*

This filing containing the four documents shall be entitled "Application Requesting Court Order Seeking Leave to File Pursuant to Nationwide Filing Injunction Order." Failure to comply strictly with these requirements will be sufficient grounds for summarily denying leave to file.

    4.     The Court further ORDERS that, if Woodhouse, Havensight, or any other Restricted Plaintiff seeks leave to file a Restricted Action against the Protected Defendants in any federal district court, the Court reviewing the application must first grant permission before the action can proceed. Until leave from that Court is obtained, the Protected Defendant(s) are not obligated to respond. Failure to comply with the pre-filing conditions set out above will supply a sufficient basis for the Court to summarily dismiss the action. If the pre-filing conditions have been met and the proper documents have been filed, the Court may nonetheless summarily dismiss the action against Protected Defendant(s) if it finds that the action falls within the scope of this filing injunction.

3

The Clerk of Court is directed to a serve a copy of this Order on Benjamin Woodhouse and Havensight Capital LLC by certified mail.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: December 5, 2023
New York, New York